

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, ROOM 4300
NEW YORK, NEW YORK 10281-1022

MATTHEWS'S DIRECT DIAL
(212) 336-0132

November 15, 2010

**FILED VIA ECF**

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Securities and Exchange Commission v. Evelyn Litwok (00 CV 7626)**

Your Honor:

We represent the plaintiff the Securities and Exchange Commission ("Commission") and write with respect to the above-captioned matter, scheduled for trial on December 6, 2010. In light of defendant Evelyn Litwok's ("Litwok") criminal conviction for mail fraud and tax evasion, the Commission respectfully requests that the Court adjourn the trial to an unspecified date, pending the outcome of an administrative proceeding that the staff of the Commission is seeking approval from the Commission to institute. As set forth below, the staff believes that Litwok's felony convictions for mail fraud and tax evasion, coupled with Litwok's Chapter 7 bankruptcy discharge may obviate the need for a trial before Your Honor and that an administrative proceeding may be the most efficient forum for obtaining meaningful relief against Litwok, while preserving the Court's and the Commission's litigation resources.

As the Court may recall, the Commission's Complaint filed in 2000 alleged that Litwok violated Sections 17(a) of the Securities Act of 1933, 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act), and misappropriated over $2 million in investor funds. The Commission sought a final judgment permanently enjoining Litwok from future violations of the federal securities laws, ordering Litwok to disgorge ill-gotten gains, plus prejudgment interest, and imposing civil money penalties against Litwok.

In light of the defendant's felony convictions for mail fraud and tax evasion (U.S.A. v. Litwok, 02 Cr 00427 (LDW)), the staff is recommending to the Commission that it grant the staff authority to institute administrative proceedings (pursuant to Section 203(f) of the Advisers Act) to determine what remedy is in the public interest. Litwok's felony convictions provide a basis for the institution of administrative proceedings that could ultimately result in sanctions that include the imposition of bars to prevent Litwok from ever again being associated with any

Hon. Dora L. Irizarry
November 15, 2010
Page 2 of 2

investment adviser or broker/dealer. In addition, although Litwok's bankruptcy discharge does not affect the Commission's claims against her, as a practical matter such discharge may severely limit the Commission's prospects for enforcing and collecting any monetary judgment that this Court may grant after trial.[1]

      The staff is in the process of making its recommendation to the Commission. The staff therefore requests that the Court adjourn the trial to an unspecified date to allow the Commission to decide whether pursuing the matter administratively, rather than through the district court action, represents the most prudent and efficient means of sanctioning Litwok for the conduct alleged in the Complaint.

Respectfully submitted,

Cynthia A. Matthews
Attorney for Plaintiff

cc:     Evelyn Litwok, *pro se* (Via electronic mail and UPS)

---

[1] See Commission's Letter Dated July 20, 2010 and citations therein, and this Court's oral Order of August 13, 2010 denying Litwok's motion to dismiss the Commission's claims based on her Chapter 7 Bankruptcy Discharge.